SC

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Thorid Agneberg, *ex rel.* Steven Lee McMillan, | No.   CV-23-08556-PCT-JAT (JFM) |
| Petitioner, | **ORDER** |
| v. | |
| David Rhodes, | |
| Respondent. | |

On September 20, 2023, Steven Lee McMillan ("Declarant") filed a Declaration (Doc. 1), purportedly on behalf of Paul Thorid Agneberg, whom Declarant alleges was improperly or unconstitutionally detained following a municipal court proceeding and is, or was, unable to file a petition for writ of habeas corpus on his own behalf.[1]

## I.   Declaration

Declarant purports to seek relief concerning Mr. Agneberg's detention following municipal court proceedings. It appears that Mr. Agneberg is currently being detained pending criminal charges that were filed against him in Yavapai County Superior Court.[2] Declarant identifies the Respondent as Yavapai County Sheriff David Rhodes. He appears

---

[1] Although this case is not identified, Declarant appears to be referring to Sedona municipal court case# M-0346-CT-2023001499, which involved several criminal traffic offenses. *See* https://apps.supremecourt.az.gov/publicaccess/caselookup.aspx, Search First Name Paul Last Name Agneberg (last accessed Mar. 15, 2024).

[2] *See* https://apps.supremecourt.az.gov/publicaccess/minutes.aspx [https://perma.cc/5Z4N-KMDC].

**JDDL**

to contend that Sedona Magistrate Schlegel violated Rule 32.2 of the Arizona Rules of Criminal Procedure when he fined Mr. Agneberg $1,900, sentenced him to 10 days in jail, and ordered that he be arrested without first affording Agneberg an opportunity to appeal the fine and sentence. In addition, Declarant asserts that Mr. Agneberg's conditions of confinement violated Mr. Agneberg's constitutional rights.

## II.  Declarant Lacks Standing to Appear for Mr. Agneberg

Mr. McMillan filed this case on behalf of Mr. Agneberg. While a non-attorney may represent himself, he has no authority to appear as an attorney for another. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). In rare circumstances, a third party may, *through counsel*, seek habeas corpus relief on behalf of someone else as a "next friend." Declarant has failed to make an adequate showing to act as next friend on Mr. Agneberg's behalf. "'[N]ext friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). In habeas corpus cases there are at least two prerequisites for "next friend" standing. *Id.* The first is that the "'next friend' must present an adequate explanation–such as inaccessibility, mental incompetence, or other disability–why the real party in interest cannot appear on his own behalf to prosecute the action." *Id.* (citations omitted). The second is that the "'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate" and that the "next friend" have some significant relationship with the real party in interest. *Id.* "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164.

Declarant asserts that Mr. Agneberg is unable to appear on his own behalf merely because he is in jail and is or was held in solitary confinement. Declarant has neither explained why Mr. Agneberg is unable to seek habeas corpus on his own behalf as many detainees have, nor alleged any facts showing both a significant relationship with Agnberg and a sincere dedication to Agneberg's best interests. Accordingly, the Court concludes that Mr. McMillan lacks standing to bring a habeas corpus action on behalf of Mr.

1  Agneberg.  The Declaration will be dismissed to the extent that any relief is sought, and
2  this case will be dismissed.
3  **IT IS ORDERED**:
4      (1)    The Clerk of Court must modify the docket for this case to reflect that it was
5  filed by Mr. McMillan on behalf of Mr. Agneberg.
6      (2)    The Declaration, docketed as a habeas petition, (Doc. 1) is **denied** to the
7  extent that any relief is sought, and this action is **dismissed** without prejudice.
8      (3)    The Clerk of Court must enter judgment accordingly and close this case.
9      (3)    Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the
10 event Petitioner files an appeal, the Court declines to issue a certificate of appealability
11 because reasonable jurists would not find the Court's procedural ruling debatable.  *See*
12 *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).
13     Dated this 26th day of March, 2024.

James A. Teilborg
Senior United States District Judge

JDDL